## Carothers *vs.* Click.

### *Error to Muscatine.*

The process of attachment is merely auxiliary, and intended in certain cases, to seize the property of the defendant, and hold it to abide the result of the suit. When judgment is rendered, the efficacy of the writ of attachment is expended.

However defective therefore, the affidavit or bond may be, upon which the writ issued, judgment will not on that account be reversed.

The proper mode of taking advantage of such defects, is to move at the proper time, to quash the writ of attachment.

The errors assigned are,

1. The affidavit on which the attachment was issued is not in compliance with the statute.

2. The paper purporting to be a bond by the attaching creditor, is not a bond—not being sealed by the creditor, and his security.

3. The process of attachment is served not by the sheriff, but by one C. Lawson, deputy sheriff, M. Co.

4. There is no judgment rendered against the property attached, but a general judgment against the party.

The affidavit stated that deponent was "*apprehensive*" that Carothers would dispose of his property, whereas the statute requires him to swear that "*he verily believes, &c.*"

Grant, for plaintiff in error.

Whicher & Lowe, for defendant in error.

By Court, Mason, Chief Justice.—For the purpose of reversing the judgment below, the plaintiff in error relies, 1. Upon the fact, that the affidavit which formed the basis of the writ of attachment, was wholly insufficient. From an examination of the affidavit, we are satisfied that it is so defective as to have been successfuly objected to by motion to quash the writ of attachment. It forms no ground however for reversing the judgment. Neither would the second and third objections avail for this purpose, how valid soever they might be in an earlier stage of the proceedings.

The last objection is equally unfounded—the proceedings in that respect, having been strictly regular. The counsel for the plaintiff in error, seem to have taken an incorrect view of the nature of the writ of attachment. It is not an independent proceeding, but one that is wholly auxiliary. Where a debtor has absconded, or is a non-resident of the territory, so that the ordinary process cannot reach his person; or where he is about to dispose of his property with intent to defraud his creditors, this remedy is given for the purpose of securing his property, and holding it within reach, until the termination of the suit. It is then to be advertised and sold, in the same manner as though it had been levied upon by writ of fieri facias.

It is therefore a separate proceeding, collatteral to the ordinary suit, commenced by capias or summons, or (where the defendant cannot be found,) by advertisement. In any of these cases, the whole object of this writ, is to seize and hold the property of the defendant, or its equivalent, to abide the event of the suit. If the plaintiff recovers, the property is by operation of law, to be considered as having been levied upon by execution. The judgment is rendered against the defendant, and the other result follows as a matter of course. No special judgment is necessary against the property, for the statute has already prescribed the consequences of the judgment.

As soon as the judgment is rendered the efficacy of the writ of attachment is expended, and although the proceedings under it may have been irregular, those in the primary suit have not thereby been vitiated so as to be reached by writ of error. The judgment below is therefore affirmed.